UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| WILLIAM L. TEAFORD and CARLETA A. TEAFORD, husband and wife, | ) ) ) | NO.  CV-05-3027-MWL |
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES |
| vs. | ) ) ) | |
| CITY OF SELAH, a municipal corporation, ROBERT L . JONES and JANE DOE JONES, husband and wife and the martial community thereof, JERRY DAVES and JANE DOE DAVIS, husband and wife and the marital community thereof, and FRANK SWEET and JANE DOE SWEET, husband and wife and the marital community thereof, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

On October 11, 2005, Defendants moved for an order to compel further Fed. R. Civ. P. 26(a)(1) initial disclosures from Plaintiffs or sanctions amounting to dismissal of Plaintiffs' claim for Plaintiffs' failure to provide complete initial disclosures.  (Ct. Rec. 20).  At the hearing on the motion, counsel for Defendants did not request dismissal of Plaintiffs' complaint (nor does the Court believe that such a proposed drastic

ORDER - 1

1   sanction could be substantiated) but rather requested an order

2   compelling disclosure.  Accordingly, Defendants' request for

3   dismissal is **DENIED**, and shall not be discussed further herein.

4                      **PROCEDURAL BACKGROUND**

5       Plaintiffs filed their complaint for damages on March 9,

6   2005.  (Ct. Rec. 1).  Defendants filed an answer to the complaint

7   on May 10, 2005.  (Ct. Rec. 9).  On June 24, 2005, the parties

8   consented to proceed before a United States Magistrate Judge.

9   (Ct. Rec. 12).  On July 29, 2005, the Court held a scheduling

10  conference and generated a scheduling order.  (Ct. Rec. 17).  The

11  scheduling order does not set a date for the completion of the

12  Rule 26 initial disclosures.  (Ct. Rec. 17).

13      On October 6, 2005, Defendants filed their first motion to

14  dismiss or, in the alternative, to compel complete initial

15  disclosures.  (Ct. Rec. 18).  Following that initial motion,

16  Plaintiffs submitted Supplemental Initial Disclosures to

17  Defendants.  (Ct. Rec. 20).  However, since the supplemental

18  disclosures apparently continued to not provide a calculation of

19  medical expenses and lost benefits, Defendants filed an amended

20  motion to dismiss or, in the alternative, to compel complete

21  initial disclosures on October 11, 2005.  (Ct. Rec. 20).

22      On October 24, 2005, Plaintiffs filed an opposition to

23  Defendants' motion to dismiss or compel initial disclosures.  (Ct.

24  Rec. 23).  Plaintiffs' opposition contends that they have complied

25  with their duties under Fed. R. Civ. P. 26(a) by making their

26  initial disclosures based on the information reasonably available

27  to them.  (Ct. Rec. 23).

28  ///

On October 27, 2005, Defendants filed a pleading entitled "Defendants' Second Revised Motion to Dismiss or to Compel Initial Disclosures." (Ct. Rec. 25).  This reply to Plaintiffs' opposition indicates that Defendants continue to seek an order compelling Plaintiffs to provide complete initial disclosures, including a computation of any category of damages claimed.  (Ct. Rec. 25).  Although Plaintiffs provided a calculation for medical bills and lost retirement income in their supplemental disclosures, Defendants contend that Plaintiffs still have not provided a calculation for lost benefits, other than the lost retirement income.  (Ct. Rec. 25, p. 2).  Defendants no longer request a calculation for Plaintiffs' medical expenses, as those figures were apparently provided by way of Plaintiffs' second supplemental initial disclosure.  Defendants' current motion requests only that Plaintiffs provide a calculation for Plaintiffs' claimed lost benefits.

**CONTENTIONS OF PARTIES**

**1.  Defendants' Moving Arguments**

Defendants contend that Plaintiffs' initial disclosures are incomplete by failing to provide a calculation for lost benefits, other than the lost retirement income.

Fed. R. Civ. P. 26(a)(1) directs that Plaintiffs must provide a computation of any category of damages claimed, making available for inspection and copying, as under Rule 34, the documents or other evidentiary material, not privileged or protected, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.  (Ct. Rec. 20).  Since ///

the Plaintiffs failed to provide complete initial disclosures, Defendants move for an order compelling Plaintiffs to provide complete initial disclosures.  (Ct. Rec. 20).

**2.  Plaintiffs' Opposition**

Plaintiffs assert that they have complied with their duties under Fed. R. Civ. P. 26(a), which provides that "a party must make its initial disclosures based on the information then reasonably available to it . . . ."  (Ct. Rec. 23).  Plaintiffs indicate that they have made initial disclosures based on the information reasonably available to them.

At the hearing on the instant motion, counsel for Plaintiffs advised the Court that the lost benefits claimed, if any, would be calculated by ascertaining the difference between the value of Plaintiffs' current employment benefit package versus the value of Plaintiffs' prior employment benefit package.  Counsel for Plaintiffs indicated they were in the process of determining this valuation through an expert.  Nevertheless, that information, including the amounts alleged, had not been furnished to Defendants by way of further supplemental initial disclosures at the time of the hearing on the motion.

**3.  Defendants' Reply**

In their reply papers, Defendants contend that, although Plaintiffs provided a calculation for medical bills and for lost retirement income in their supplemental disclosures, Plaintiffs still have not provided a calculation for lost benefits, other than the lost retirement income.  Accordingly, Defendants argue that Plaintiffs have still not complied with Fed. R. Civ. P. 26(a).

ORDER - 4

Defendants point out that the language of Fed. R. Civ. P. 26(a), cited by Plaintiffs in their opposition, does not excuse a party from omitting information of claimed damages or allow a party to refrain from disclosing a calculation of damages until an expert calculates damages. The remainder of the sentence cited by Plaintiffs reads as follows: ". . . and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

### ANALYSIS & DISCUSSION

Fed. R. Civ. P. 37(a)(2)(A) authorizes a motion to compel initial disclosures:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. P. 26(a)(1)(C) addresses initial disclosures of claimed damages and indicates as follows:

> . . . a party must, without awaiting a discovery request, provide to other parties:
>
> (C) **a computation of any category of damages claimed by the disclosing party**, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered . . . . (Bold added.)

Fed. R. Civ. P. 26(a) further holds that, "[a] party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation

ORDER - 5

of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

An "evasive or incomplete disclosure . . . is to be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(3).

Fed. R. Civ. P. 37(c)(1) authorizes sanctions for failure to make initial disclosures:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Here, Plaintiffs' supplemental initial disclosures provide calculations for special damages. Specifically, Plaintiffs indicate calculations for lost wages and lost retirement. (Ct. Rec. 24-3). Correspondence from Plaintiffs' counsel to Defendants' counsel, dated October 21, 2005, reveal that Plaintiffs, by way of a second supplemental initial disclosure, provided Defendants with Plaintiffs' medical bills from 2000 to present and indicated their belief that the medical expenses did not exceed $1,000.00. (Ct. Rec. 24-4). However, Plaintiffs have failed to provide a calculation of the value of their lost benefits, other than lost retirement. Plaintiffs indicated in their supplemental initial disclosures that "Mr. Teaford is unable

///

///

to calculate a value for his lost benefits at this point, but claims them and will provide an expert calculation." (Ct. Rec. 24-3, p. 2).

Plaintiffs are not justified in their contention that they are unable to calculate lost benefits. They cite Fed. R. Civ. P. 26(a)'s provision that a party "must makes its initial disclosures based on the information then reasonably available to it," but fail to include the rest of the rule which holds that a party "is not excused from making its disclosures because it has not fully completed its investigation of the case . . . ."

Plaintiffs supplemental initial disclosures fail to adequately calculate the valuation of their claimed lost benefits, and their general statement that the calculation would be provided in the future, following expert consultation, does not suffice for purposes of Fed. R. Civ. P. 26(a). Accordingly, the undersigned finds that Defendants' motion to compel further initial disclosures must be granted, and that Plaintiff be compelled to disclose a complete calculation of their claimed lost benefits forthwith.

### CONCLUSION

Having reviewed the arguments of the parties, this Court finds that Defendants' are entitled to the disclosure of the valuation of Plaintiffs' claimed lost benefits. Accordingly,

**IT IS ORDERED**:

1. Defendant's motion to compel complete initial disclosures (Ct. Rec. 20) is **GRANTED.**

///

///

ORDER - 7

    2.   Plaintiffs, no later than **November 18, 2005**, shall serve
further initial disclosures to provide for the computation of
Plaintiffs' claimed lost benefits.

    **IT IS SO ORDERED**. The District Court Executive shall file
this order and provide a copy to counsel for Plaintiffs and
Defendants.

    **DATED** this ___7th___ day of November, 2005.

                                    s/Michael W. Leavitt
                                  MICHAEL W. LEAVITT
                           UNITED STATES MAGISTRATE JUDGE

ORDER - 8