UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| WILLIAM L. TEAFORD and CARLETA A. TEAFORD, husband and wife, | ) ) | NO.  CV-05-3027-MWL |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| CITY OF SELAH, a municipal corporation, ROBERT L . JONES and JANE DOE JONES, husband and wife and the martial community thereof, JERRY DAVES and JANE DOE DAVIS, husband and wife and the marital community thereof, and FRANK SWEET and JANE DOE SWEET, husband and wife and the marital community thereof, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

I.    <u>Procedural History</u>

   Plaintiffs filed this civil rights action on March 9, 2005, alleging that Plaintiff was discriminated against and retaliated against in his employment at the City of Selah Fire Department, and that adverse employment action occurred, included removal of certain job duties and termination from employment.  (Ct. Rec. 1). On May 10, 2005, Defendants answered the complaint.  (Ct. Rec. 9). On June 24, 2005, the parties consented to magistrate judge

ORDER - 1

jurisdiction.  (Ct. Rec. 12).  The discovery cut-off was February 28, 2006, the pretrial conference was held on March 23, 2006, and a five day bench trial is set for June 5, 2006.  (Ct. Rec. 17, 86).  A settlement conference is set before Magistrate Judge Cynthia Imbrogno for April 7, 2006.  (Ct. Rec. 88).

On March 3, 2006, Plaintiffs filed a motion for summary judgment.  (Ct. Rec. 43).  Defendants filed a response in opposition to Plaintiffs' motion for summary judgment on March 14, 2006.  (Ct. Rec. 57).  Plaintiffs filed a reply brief on April 4, 2005.  (Ct. Rec. 99).  The motion came on for hearing before the Court on April 5, 2006.  Plaintiffs were represented by Janet Taylor and Defendants were represented by George Fearing.

II.  Factual Summary

Mr. Teaford worked for the City of Selah from 1984 through 2003.  He worked in the Treatment Plant department from 1984 to 1985, in the Solid Waste department from 1985 to 1989 and in the Fire department from 1989 to 2003.  His position at the Selah Fire Department was that of firefighter/mechanic.

In 1997, Mr. Teaford became a member of the General Teamsters Local No. 524 Union.  Jerry Davis has been the Fire Chief of the City of Selah from 1996 to present, Robert Jones has been the Mayor of Selah since 1996, and Mr. Sweet has been the City Supervisor at all times material to this action.

In 2003, Chief Davis, Mr. Sweet and Mayor Jones recommended that Mr. Teaford's position be eliminated.  The City of Selah City Council followed the recommendation, with the position eliminated at the end of the calendar year 2003.  In February 2004, the City of Selah Fire Department posted a new firefighter position.

Mr. Teaford alleges that he was discriminated against and retaliated against in his employment at the City of Selah Fire Department, and that adverse employment action occurred, included removal of certain job duties and termination from employment. Mr. and Mrs. Teaford contend this retaliation was for engaging in the constitutionally protected activity of union membership and activity which is protected under the free association clause and the free speech clause of the United States Constitution's First Amendment.   Plaintiffs bring the constitutional/statutory claim under 42 U.S.C. § 1983.   Plaintiffs also contend that Mr. Teaford was retaliated against for filing a Worker's Compensation claim, and for an actual or perceived disability in violation of Washington's Law Against Discrimination.

Plaintiffs sue the City of Selah and the former employer of Mr. Teaford.   Plaintiffs also sue Selah Mayor Robert Jones, Selah City Supervisor Frank Sweet, and Selah Fire Chief Jerry Davis.

All Defendants deny the substantive claims of the Plaintiffs. The individual Defendants also argue that they cannot be held individually liable and that they are entitled to qualified immunity.

III. <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).   Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is

ORDER - 4

material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc*., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv*., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards*

1  *v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal.
2  1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

3      Finally, to demonstrate a genuine issue, the opposing party
4  "must do more than simply show that there is some metaphysical
5  doubt as to the material facts.  Where the record taken as a whole
6  could not lead a rational trier of fact to find for the nonmoving
7  party, there is no 'genuine issue for trial.'"  *Matsushita*, 475
8  U.S. at 587 (citation omitted).

9  IV.  <u>Discussion</u>

10      Plaintiffs move this Court to enter judgment, as a matter of
11  law, against Defendants with respect to the allegations alleged in
12  the complaint.  Plaintiffs request that the Court grant their
13  motion for summary judgment on the issues of liability and special
14  damages, and reserve for trial establishing the amount of general
15  and punitive damages.  (Ct. Rec. 46).

16      **A.    Freedom of Association**

17      Plaintiffs argues that Defendants' actions of cutting his
18  response duties and in terminating his employment were in
19  retaliation for his union membership; actions that are prohibited
20  and actionable under 42 U.S.C. § 1983.

21      Plaintiffs argue as follows: a public employer may not
22  constitutionally prohibit its employees from joining a union or
23  encouraging others to do so.  *Roberts v. Van Buren Public Schools*,
24  773 F.2d 949, 957 (8th Cir. 1985).  To the degree that defendants'
25  decision to terminate a plaintiff may have been influenced by his
26  union activities, his conduct is within the scope of First
27  Amendment freedom of association.  *Id.; Jarman v. Barndt*, Civ. 03-
28  5064-KES (S.D. 2006).  Mr. Teaford's union membership is protected

ORDER - 6

under the First Amendment.  "It was clearly established, at least as of 1995, that a municipality may not terminate employees for participating in union activity."  *See Roberts*, 773 F.2d at 957. And it was clearly established, at least as of 1983, that a public employer may not terminate employees for exercising their First Amendment rights of freedom of speech.  *See Connick*, 461 U.S. 138. If a plaintiff's exercise of his First Amendment rights to freedom of speech and association were a substantial factor in defendants' decision to terminate him, defendants' actions in terminating him were not reasonable.  Thus, defendants are not entitled to qualified immunity.  *Jarman*, at 29.

Defendants respond that, in contending his first amendment rights were violated, William Teaford principally relies on two decisions: *Jarman v. Bardnt*, (S.D. 2006) and *Warner v. Montgomery Township*, (E.D. Pa. 2002).  By citing these cases, William Teaford violates Local Rule 7.1(g), since neither decision is published. The undersigned agrees; unpublished decisions may not be cited. *See*, LR 7.1(g)(2).

A public employer may not constitutionally prohibit an employee from joining a union or from encouraging others to do so. *Roberts v. Van Buren Public Schools*, 773 F.2d 949, 957 (8th Cir. 1985).  To show a constitutional violation, the employee must show that his union activity was a substantial factor behind the employer's conduct.  *Breaux v. City of Garland***, 205 F.3d 150 (5th Cir. 2000); *Roberts v. Van Buren Public Schools*, 773 F.2d 949, 958 (8th Cir. 1985).  Whether the union activity was a substantial motivating factor typically raises a question of fact.  *Roberts v. Van Buren Public Schools*, 773 F.2d 949, 958 (8th Cir. 1985).

Defendants contend that the facts show that Jerry Davis removed William Teaford from emergency calls, and then required him to wear hearing aids at calls, from a concern for the safety of Mr. Teaford, other firefighters, and the public. Defendants assert that union activity was not a substantial factor, if a factor at all, in the decisions. The undersigned finds that Defendants have established an issue of fact exists in this regard. Along the same lines, Defendants assert that the recommendation by Robert Jones, Frank Sweet, and Jerry Davis to eliminate the mechanic/firefighter position, was the result of economic factors, not from any retaliation for union activity. Again, the undersigned concludes that Defendants have established the existence of an issue of material fact.

**B.    Section 1983 Retaliation**

Plaintiffs contend that Mr. Teaford's protected activity, his union membership and the pursuance of a grievance through his union, motivated defendants' conduct which resulted in Mr. Teaford being retaliated against or being subjected to adverse actions by the defendants. Plaintiffs assert that the court in *Warner v. Montgomery Township*, Civil Action No. 01-3309 (E.D. Pa. 2002), set forth a concise recitation of the appropriate legal standard:

> "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." *McGrath v. Johnson*, 67 F. Supp.2d 499, 512 (E.D. Pa. 1999) (quoting *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990) (quotation marks and citations omitted)). In order to state a claim for retaliation, "a plaintiff must allege that: (1) he or she engaged in protected conduct; (2) he or she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the alleged adverse action." Id. (citing *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997)). If the plaintiff makes this showing, then the burden shifts to the defendant to prove that they would have acted

no differently in the absence of plaintiff's protected conduct. *See Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 829 (3d Cir. 1994); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)."

Plaintiffs argue that, in this case, Mr. Teaford engaged in protected conduct – his union membership, and pursuance of a grievance through his union is protected activity. Mr. Teaford was subjected to adverse actions by the defendants, who are all state actors. His responding duties were not reinstated as ordered by the Administrative Law Judge, and his position was eliminated. Chief Davis himself testified that retaliation can include elimination of a person's position.

Accordingly, Plaintiffs contend that Mr. Teaford's protected activity motivated defendants' conduct of not reinstating his responding duties and, eventually, eliminating his position. Not only did the City identify that their preliminary decision to pull Mr. Teaford's responding duties was a result of Mr. Teaford filing a L&I claim – they flatly refused to allow Mr. Teaford to respond – even when they were ordered by the ALJ. Finally, they eliminated Mr. Teaford's position. Shortly after Mr. Teaford was forced to retire – they created and implemented another firefighter position. This "new" firefighter position is not a union position. Mr. Teaford was allegedly not allowed to apply for the new firefighter position, as it was posted internally and he had been forced to retire. Plaintiffs contend that defendants' alleged financial justification for eliminating Mr. Teaford's position is imaginary.

As noted above, by citing to *Warner v. Montgomery Township*, (E.D. Pa. 2002), Plaintiffs violate Local Rule 7.1(g). Unpublished decisions may not be cited. LR 7.1(g)(2).

ORDER - 9

1  Nevertheless, the authorities cited in *Warner* are proper and
2  sufficiently lay out the legal standard pertaining to retaliation.

3      To establish a constitutional violation, Mr. Teaford must
4  show that Robert Jones, Frank Sweet, and Jerry Davis were
5  motivated to violate his rights.  The parties dispute whether
6  Robert Jones, Frank Sweet, and Jerry Davis were motivated by an
7  animus toward William Teaford's union activity.  Defendants have
8  set forth facts which support the individual defendants'
9  contention that they were motivated by economic concerns when
10  advocating the elimination of the mechanic/firefighter position.
11  Defendants have also brought forth facts demonstrating that Jerry
12  Davis removed William Teaford from emergency calls, and then
13  required him to wear hearing aids at calls, from a concern for the
14  safety of Mr. Teaford, other firefighters, and the public.
15  Defendants have thus exhibited that there is a dispute as to the
16  motivation for limiting Mr. Teaford's duties and for eliminating
17  Mr. Teaford's position.

18      **C.   Worker's Compensation Claim**

19      Plaintiffs contend that Mr. Teaford was also subjected to
20  retaliation by the defendants for filing a Worker's Compensation
21  claim.  Washington State law prohibits retaliation for filing a
22  Worker's Compensation claim.  RCW 51.48.025 provides in relevant
23  part, "(1) No employer may discharge or in any manner discriminate
24  against any employee because such employee has filed or
25  communicated to the employer an intent to file a claim for
26  compensation or exercises any rights provided under this title."
27  ///
28  ///

ORDER - 10

Mr. Teaford alleges that the City of Selah and the individually named defendants retaliated against him for filing a claim for hearing loss with the Department of Labor and Industries.  In order to prevail under this cause of action, Mr. Teaford must prove 1) that he exercised his statutory right to pursue benefits under Title 51, 2) that he was retaliated against, and 3) that there is a causal connection between the filing and the retaliation.  Plaintiffs assert that the applicable law and burden of proof was recently articulated in *Anica v. Wal-Mart Stores, Inc.*, 120 Wn. App. 481, 84 P.3d 1231 (2004):

> "Under RCW 51.48.025(3), an employee may institute an action against an employer who has discharged the employee in retaliation for pursuing workers' compensation benefits[fn17] by showing that 1) she exercised the statutory right to pursue workers' benefits (Page 491) under Title 51 RCW or communicated to the employer an intent to do so or exercised any other right under RCW Title 51; 2) she was discharged; and 3) there is a causal connection between the exercise of the legal right and the discharge.  [fn18]

> In establishing a prima facie case, the employee need not attempt to prove that the employer's sole motivation was retaliation based on the employee's pursuit of benefits under the Industrial Insurance Act.  [fn19]  The employee need only produce evidence that pursuit of a workers' compensation claim was a cause of the firing.  [fn20]

> Ordinarily, an employee is forced to establish the prima facie case "by circumstantial evidence, since the employer is not apt to announce retaliation as his motive."  [fn21]  Proximity in time between the protected activity and the employment action when coupled with evidence of satisfactory work performance supports an assertion of retaliatory motive.  [fn22]  In recognition of the difficulty of proving motive, our courts allow an employee to establish the causation element of the prima facie case by merely showing that she filed a workers' compensation claim, that the employer had knowledge of the claim, and that the employee was discharged.  [fn23]"

Plaintiffs allege that Mr. Teaford proves all three elements of retaliation for the filing of a Worker's Compensation claim. First, Mr. Teaford filed a claim for benefits, and the claim was

ORDER - 11

granted.  The City of Selah received the notice on June 5, 2001.
In response in their letter of June 12, 2001, the City of Selah
announced the fact that Mr. Teaford's award of worker's
compensation benefits motivated their decision to remove Mr.
Teaford's responding duties.  Chief Davis' initial letter of June
12, 2001 stated that the City of Selah had a concern for Mr.
Teaford's safety, his co-worker's safety, and the public's safety.
However, his true motivation was revealed in notes of a
conversation he had with Mr. Teaford in July, 2003.  The facts
establish that Mr. Sweet and Mayor Jones knew of Chief Davis'
conduct and failed to take any steps to stop him.  Further,
although Mr. Sweet and Mayor Jones knew that Mr. Teaford was
complaining of retaliation, they never took any steps to
investigate the complaints.  Both Mr. Sweet and Mayor Jones had
the power to stop the retaliation.

    Defendants respond that RCW 51.48.025 prohibits an employer
from discriminating against an employee for filing a worker's
compensation claim.  However, there must be a causal connection
between the filing of the claim and the alleged discriminatory
conduct.  *Anica v. Wal-Mart Stores, Inc.*, 120 Wn.App. 481, 491, 84
P.3d 1231 (2004).  Plaintiff must show the filing of the worker's
compensation claim was a substantial factor behind an adverse
employment action.  *Wilmot v. Kaiser Aluminum and Chemical Corp.*,
118 Wn.2d 46, 72, 821 P.2d 18 (1991).  There must be a retaliatory
motive.  *Anica v. Wal-Mart Stores, Inc.*, 120 Wn.App. 481, 491, 84
P.3d 1231 (2004).

///

///

ORDER - 12

Defendants alleged that, for the same reasons that issues of fact exist as to retaliation for union activity, questions of fact exist as to allegations of retaliation for filing a worker's compensation claim. The undersigned agrees. Plaintiffs contend that Chief Davis' motivation for the elimination of certain job duties of Mr. Teaford was Mr. Teaford's filing of a claim for benefits. Defendants allege that Chief Davis' rationale was that the City of Selah had a concern for Mr. Teaford's safety, his co-worker's safety, and the public's safety and were attempting to accommodate Mr. Teaford to prevent further hearing loss. Defendants have demonstrated that there is a dispute as to Defendants' motivation regarding their actions in this case.

**D.    Damages**

Plaintiffs lastly asserts that Mr. Teaford presents uncontroverted evidence, through economist Dr. Barnes, that he has suffered special damages in the amount of $238,076.00 in lost wages and benefits. Mr. Teaford also presents evidence through expert Certified Rehabilitation Consultant Verlynn Clarambeau, that Mr. Teaford demonstrated the initiative to seek out and accept employment, even at a financial loss to him. Mr. Teaford has attempted to mitigate his wage loss, and although he has obtained replacement employment, he was unable to fully mitigate his losses. Further, Ms. Clarambeau expresses the expert opinion that Mr. Teaford was qualified for the 2004 firefighter position at the City of Selah.

Defendants respond that Mr. Teaford declares that he has established his economic loss as a matter of law; however, Defendants argue that Plaintiffs are not entitled to any damages

at this stage, because they have not established any liability. The undersigned agrees. Issues of fact remain as to Plaintiff's economic damages.

V.    Conclusion

Plaintiffs asserts that no genuine issue of material fact exists and that Plaintiffs are entitled to judgment against Defendants as a matter of law. Plaintiffs argue that the undisputed facts display that Defendants acted in retaliation for Mr. Teaford's union activity and for the filing of a worker's compensation claim. Plaintiffs contends that this Court should enter judgment against Defendants on the issues of liability and special damages with respect to the claims in their complaint. (Ct. Rec. 46).

However, the Court finds that Defendants have raised genuine factual issues establishing a need for trial on Plaintiffs' claims. Defendants have demonstrated that there is a dispute as to Defendants' motivation regarding their actions in this case. Specifically, Defendants have demonstrated that there exists disputed issues of material fact regarding 1) whether the individual defendants were motivated by a hostility toward Mr. Teaford's union activity or whether the elimination of the mechanic/firefighter position was motivated by economic concerns and 2) whether the motivation regarding the elimination of certain job duties of Mr. Teaford was Mr. Teaford's filing of a worker's compensation claim or whether the City of Selah eliminated the job duties because of a concern for Mr. Teaford's safety, his co-worker's safety, and the public's safety. Based on these disputed issues of material fact, the Court cannot conclude that summary

ORDER - 14

1   judgment should be granted on the issues of liability in this

2   case.  Since Plaintiffs have failed to establish liability as a

3   matter of law, their claim for judgment as a matter of law on

4   special damages also fails.  Accordingly, the Court **DENIES**

5   Plaintiffs' motion for summary judgment.  (**Ct. Rec. 43**).

6       **IT IS SO ORDERED**.  The District Court Executive shall file

7   this order and provide a copy to counsel for Plaintiffs and

8   Defendants.

9       DATED this____7th____day of April, 2006.

10

11                          s/Michael W. Leavitt

12                           MICHAEL W. LEAVITT
                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 15